UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DENTON, | No. 2:13-cv-02037-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| G4S SECURE SOLUTIONS (USA) INC., and DOES 1-100, inclusive, | |
| Defendants. | |

        This matter is before the court on plaintiff Timothy Denton's Motion to Remand this case to the Sacramento County Superior Court.  (Pl.'s Mot. Remand, ECF 8.)  Defendant G4S Secure Solutions (USA) Inc. ("G4S") opposes the motion.  (Def.'s Opp'n, ECF 11.)  The court decided the motion without a hearing.  As explained below, the court GRANTS plaintiff's Motion to Remand.

I.      INTRODUCTION AND PROCEDURAL BACKGROUND

        On August 2, 2013, plaintiff filed a complaint in the Sacramento County Superior Court against defendant alleging four causes of action: (1) retaliation in violation of California Government Code ("Government Code") section 12940(h); (2) failure to prevent retaliation in violation of Government Code section 12940(k); (3) failure to pay overtime wages in violation of California Labor Code ("Labor Code") sections 510 and 1198; and (4) failure to provide accurate wage statements in violation of Labor Code section 226.  (Def.'s Notice of Removal, Compl.,

Ex. A ("Compl."), ECF 1.) In addition, for the third and fourth causes of action, plaintiff seeks civil penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code section 2699. (Compl. at 13.) On September 25, 2013, defendant filed an answer. (ECF 1, Answer, Ex. B.)

On October 1, 2013, defendant removed the case to this court, invoking the court's jurisdiction under 28 U.S.C. § 1332(a). (ECF 1.) On November 22, 2013, plaintiff filed the instant motion to remand. (ECF 8.) Defendant filed an opposition on November 22, 2013. (ECF 11.) Plaintiff has not filed a reply.

II.     LEGAL STANDARD

The removal statute provides: "[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to a federal district court. 28 U.S.C. § 1441(a). One situation where federal courts have original jurisdiction is where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where there is complete diversity between the parties. 28 U.S.C. § 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.* Furthermore, "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants, LLC*, No. 1:09–CV–02061–OWW–GSA, 2011 WL 846151, at *6 (E.D. Cal. Mar. 8, 2011) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009).

/////

III.     DISCUSSION

Here, the parties do not dispute the diversity of citizenship requirement of 28 U.S.C. § 1332(a).  Plaintiff is domiciled in California (Compl. ¶ 1) while defendant is incorporated and has its principal place of business in Florida.  (ECF 1, Ex. C ¶¶ 3-4.)  Hence, the sole jurisdictional issue is whether defendant, the removing party, has met its burden of establishing the amount in controversy is greater than the jurisdictional requirement of $75,000.  Accordingly, the court addresses that question only.

Plaintiff argues defendant does not demonstrate by a preponderance of the evidence the amount in controversy exceeds the jurisdictional requirement.  (ECF 8 at 2.)  Plaintiff reasons that defendant's conclusory statements and mere averments are not sufficient to meet the preponderance of the evidence standard.  (*Id.* at 3.)

Defendant responds it has met its burden in that plaintiff's causes of action make plaintiff eligible to recover individual civil penalties "in the amount of $61,450" if he prevails.  (ECF 11 at 4.)  The remaining amount, defendant argues, can be satisfied "by looking to [p]laintiff's prayer for punitive damages, attorneys' fees, unpaid overtime wages, and injunctive relief."  (*Id.*)

When the complaint as here does not specify the amount of damages sought, the burden is on the removing defendant to show by a preponderance of the evidence that the amount in controversy is satisfied.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  That is, the removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional amount.  *Id.*

The amount in controversy requirement is determined by the amount of damages involved in the action.  *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977).  This may include general, special, punitive damages, attorney's fees, and costs of equitable relief.  *See Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("The amount in controversy includes claims for general and special damages (excluding costs and interests), including attorney[] fees, if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.").

3

A. Civil Penalties

In its opposition to plaintiff's motion to remand, defendant argues that under his third and fourth causes of action "[p]laintiff's potential individual civil penalties . . . amount to . . . $61,450." (ECF 11 at 4.)  Defendant argues the amount should be calculated in the following manner: "[p]laintiff was on a weekly payroll period and was paid on a weekly basis." *Id.*  In support of this contention, defendant submits as Exhibit A a "pay summary," which was "provided to "[p]laintiff and [p]laintiff's counsel . . . as part of [defendant's] response to [p]laintiff's request for . . . personnel records, personnel file and payroll records."  (Hong Decl. ¶ 2, ECF 11-1.)

The court does not reach defendant's civil penalties argument, dependent as it is on plaintiff's having been paid weekly, because the court declines to consider defendant's Exhibit A.  Exhibit A is not properly authenticated by counsel's declaration.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (the court will consider facts in the removal notice and summary-judgment-type evidence in determining whether a defendant meets the amount in controversy requirement).  To be properly authenticated, "the affiant must be a person through whom the exhibits could be admitted into evidence."  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987)).

Moreover, Exhibit A is redacted, leaving unredacted only sections identified as the pay period and displaying plaintiff's name.  (ECF 11-1.)  The presentation of a redacted exhibit without obtaining the court's prior approval contravenes this court's local rules and the Civil Standing Order applicable to this case.  *See* L.R. 140; ECF 4-1 at 6.

B. Request for Injunctive Relief

As to plaintiff's request for injunctive relief, defendant argues it "may also be included in determining the amount in controversy." (ECF 11 at 5.)  However, defendant does not assign a value to the injunctive relief nor does it provide any evidence to allow the court to assess the potential monetary amounts associated with any injunctive relief.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is

4

well established that the amount in controversy is measured by the value of the object of the litigation." (quoting *Hunt*, 432 U.S. at 347)).  Accordingly, the court cannot consider plaintiff's request for injunctive relief in determining whether the amount in controversy requirement is met. *See Gaus*, 980 F.2d at 567 (holding a defendant must set forth the underlying facts supporting its assertion that the amount in controversy is met).

  C. Attorney's Fees

    Plaintiff seeks to recover attorney's fees under Government Code section 12965(b), Code of Civil Procedure section 1021.5 and Labor Code sections 1194 and 2699(g). (Compl. at 12-13.)  Defendant points to a similar case addressing retaliation in violation of Government Code section 12965(b), in which a federal court estimated attorney's fees to be $6,512.50 up to the point of removal.  Defendant argues that plaintiff's request for attorney fees here will likely to be the same if not more.  (ECF 11 at 5 (citing *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002)).)

    To include attorney's fees in calculating the amount in controversy, those fees must be recoverable by statute or contract whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Here, although the statutory provisions under which plaintiff seeks to recover attorney's fees do provide for such recovery, defendant has introduced no evidence in support of its own estimation of possible fees in this case.  Even if the court were to accept the estimation found by the *Simmons* court as representative of what fees would amount to in the instant case, defendant has not demonstrated that fees alone would exceed $75,000.

  D. Punitive Damages

    Defendant argues if plaintiff "is able to establish all requisite elements to recover punitive damages . . . he could potentially recover well over the jurisdictional limit." (ECF 11 at 5.)  Plaintiff responds that defendant is required to present "summary judgment-type" evidence to establish the amount in controversy.  (ECF 8 at 3.)

    Punitive damages can be considered in determining the amount in controversy when they are recoverable as a matter of law.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th

5

1 Cir. 2001).  Yet, the mere fact that a complaint seeks punitive damages is insufficient to meet the
2 amount in controversy requirement.  *Bigby v. DS Waters of Am. Inc.*, CV 12-01362 MMM CWX,
3 2013 WL 394876, at *4 (C.D. Cal. Jan. 30, 2013).  A defendant may introduce evidence of jury
4 verdicts from other cases with analogous facts to establish probable punitive damages.  *Soto v.*
5 *Kroger Co.*, SACV 12-0780-DOC, 2013 WL 3071267, at *2 (C.D. Cal. June 17, 2013) (citing
6 *Simmons*, 209 F. Supp. 2d at 1033).

7 　　　　　Here, plaintiff's first and second causes of action allege violations of the Fair
8 Employment and Housing Act ("FEHA"), Government Code section 12900.  (Compl. ¶¶ 32, 38.)
9 Although punitive damages are available under FEHA, CAL. GOV. CODE § 12940, defendant has
10 not met its burden of showing that the amount of punitive damages meets the amount in
11 controversy requirement in the present case.  Defendant's argument, that the *Simmons* court's
12 consideration of jury verdicts from other cases and determination that the amount in controversy
13 requirement was satisfied instructs this court, is flawed.  (ECF 11 at 5.)  *Simmons*, 209 F. Supp.
14 2d at 1033.  Defendant does not provide any jury verdicts for this court's independent review, nor
15 does defendant cite cases with analogous facts in which punitive damages awards alone have met
16 the amount in controversy requirement.  Defendant's conclusory statement is insufficient to
17 satisfy its burden here.  *See Soto*, 2013 WL 3071267, at *4 (finding defendant's argument
18 unpersuasive where it did not cite a proposed reasonable punitive damages amount and did not
19 analogize facts from other cases).

20 　　　　　Because defendant has not borne its burden of showing the jurisdictional amount
21 for diversity jurisdiction has been met, the court REMANDS this case to the Sacramento County
22 Superior Court.
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

6

IV. <u>CONCLUSION</u>

For the foregoing reasons, the court orders that plaintiff's motion to remand is GRANTED and the case is remanded to the Sacramento County Superior Court.

IT IS SO ORDERED.

DATED: January 22, 2014.

_____
UNITED STATES DISTRICT JUDGE